GAETANO RIGO *vs.* WALSH-KAISER COMPANY, INC.

NOVEMBER 28, 1947.

PRESENT: Flynn, C. J., Capotosto and Condon, JJ.

320

CAPOTOSTO, J. This is a petition for review brought under the provisions of the workmen's compensation act, general laws 1938, chapter 300, by an injured employee who seeks compensation for total incapacity. Following a hearing in the superior court, a decree was entered denying and dismissing the petition. Petitioner's appeal from that decree is now before us.

It appears from the evidence that the petitioner, who was about thirty-one years old at the time of the accident on April 17, 1943, suffered an injury to his back with fracture of the left ilium, which injury arose out of and in the course of his employment by the respondent. He was then employed as a laborer at respondent's shipyard, lifting and carrying heavy objects. While so employed he fell some eight or ten feet into the afterpeak or aft end of a ship, landing on his back and fracturing his left pelvis. On May 7, 1943 the parties entered into a preliminary agreement providing for the payment of compensation for total incapacity. Thereafter, following a period at lighter work, the petitioner, on April 23, 1945, filed a petition for review of the original agreement fixing compensation on the ground of decreased earning capacity.

There is evidence that on September 15, 1943 the petitioner called the office of Dr. Herbert E. Harris, who had been treating him for the pelvic fracture, and left word for the doctor that he "be given a note so that he might return

to work" as he was "all right." At that time his condition was such that the doctor could and did give him such a note. Subsequently, on November 5, 1943, the parties signed a "Compensation Agreement And Settlement Receipt" which was duly approved by the director of labor, setting forth, among other things, that the petitioner had returned to work September 22, 1943 at the "same rate per week." It is clear that after that date he was employed as a ship fitter helper, which was lighter work than his former and regular work as a laborer; that he received as much in wages as he did before the accident; and that he continued to be so employed almost steadily until February 10, 1945 when, according to his testimony, he stopped working because of the severe pain in his back, which totally disabled him from doing work of any kind.

During his employment as a ship fitter helper, the petitioner suffered a number of accidental injuries of no special importance except one to his knee, which he injured on November 19, 1943 when he stepped into a hole while carrying a pail of bolts. All these mishaps were admittedly unrelated to the original accident and injury.

Upon leaving his work on February 10, 1945, the petitioner immediately consulted Dr. Ercole A. Addonizio, who found that he was then suffering with pleurisy in addition to the back injury about which he complained. After attending him for a few days for the pleurisy condition Dr. Addonizio thereafter treated him for the back injury and was apparently still treating him for that injury when his case was heard in the superior court in March 1946. Doctor Addonizio, who was not informed by the petitioner of the knee injury, expressed the opinion that the back injury was attributable to the original accident of April 17, 1943, and that at the time of the hearing the petitioner was unable to do work of any kind.

On April 20, 1945, petitioner's attorney sent a letter to the department of labor wherein it was stated that the petitioner was then "suffering from pleurisy which is a

direct result of the injury which he sustained while working for the Walsh-Kaiser Company." The letter also contained a request for the appointment of an impartial physician to examine the petitioner.

Upon receipt of this letter the department appointed Dr. John C. Ham, a physician, as an impartial medical examiner, and he examined the petitioner on May 15. Doctor Ham's report, which was admitted in evidence by agreement, states the following: "As far as his chest and pulmonary condition is concerned, there is no evidence at present of any active disease. . . . There is nothing to suggest that this condition has any bearing on his injury suffered in 1943. As for the joint pains, that matter could be better decided by an orthopedic man."

Following this report the department appointed Dr. Roland Hammond, an orthopedic specialist, as an impartial examiner, and he examined the petitioner on July 5. In his history· to the doctor, the petitioner referred to both the back and knee injuries. Doctor Hammond's report, which was supported by him as a witness, was in part as follows: "The knee joint is the more important of the two conditions at the present time, but both the back and the knee would be improved by the use of proper supports. . . . The knee condition will interfere somewhat with the use of the back and it is inadvisable that he attempt to work until more stability has been obtained in the knee joint. The fact that the knee locks every few days indicates that there is an abnormal condition present which is in urgent need of treatment."

Doctor Arthur E. Martin, who examined the petitioner at the request of his attorney on March 9, 1946, which was shortly before the hearing in the superior court, testified in substance that because of the back injury resulting from the original accident "he did not feel" that at that time the petitioner "could do his *regular* work", that is, *"heavy* work."  (italics ours)  He further testified that in his opinion

he did not "believe" that the knee injury had anything to do with the condition of petitioner's back.

An X-ray examination of petitioner's spine and pelvis was made by Dr. Emanuel W. Benjamin on March 9, 1946. His report was put in evidence by agreement. Other than some unevenness on the outer portion of the left ilium, "due to an old healed fracture", the findings were "essentially negative."

We have discussed the evidence at some length because the decree appealed from in the instant case is seriously defective, in that it contains no findings of fact in compliance with §6, art. III of the workmen's compensation act. The decree merely states that the court finds that the petitioner has not proven by a fair preponderance of the evidence that he is entitled to the relief for which he prays. Such a statement, though proper in a decree in this class of cases, does not satisfy the requirements of the act with reference to the incorporation of findings of fact in the decree. In *Jules Desurmont Worsted Co.* v. *Julian,* 56 R. I. 97, we had occasion to discuss a similar situation and we there held that a rescript containing findings on a petition for review cannot be held to have the legal effect of or to operate as a decree. The compensation act requires that the *decree* shall contain findings of fact. The mandate of the act and orderly procedure demand that the findings of fact be set forth in the decree, and such practice should be followed.

However, at the hearing before us neither party has made any objection to the form of the decree, and they have argued the case as if the decree contained the findings of fact that are set forth in the rescript. In the circumstances we are not disposed at this late date to remand the cause to the superior court for the entry of a proper decree, as the case was fully presented by both parties without hindrance or prejudice to either of them because of the omission. We shall, therefore, treat the decree as if it had been properly amended.

Upon examination of the rescript we find that the trial justice made the following findings of fact: First, that the petitioner is capable of working at many forms of labor; and, secondly, that any incapacity that he may have had on February 10, 1945 was not due to the accident of April 17, 1943. These two findings are followed by the trial justice's conclusion which appears in the decree.

Recognizing that in compensation cases findings of fact, in the absence of fraud, are conclusive upon us by force of the act if supported by legal evidence, the petitioner here contends that the above-stated findings are not supported by legal evidence. We can not agree with that contention. The factual and medical evidence of record is conflicting and subject to different reasonable inferences on a number of controlling points. It is unnecessary to repeat here what already appears in our statement of the evidence. The fact that the petitioner himself represented that he was "all right" and on such representation secured a note from his then attending doctor so that he might be re-employed by the respondent, although by no means conclusive against him and subject to explanation, is nevertheless some evidence of his actual condition. Another significant fact is that he did return to work, even though it was lighter work than his regular employment, and that he continued at that work for almost seventeen months. See *Pearl* v. *Builders Iron Foundry,* 73 R. I. 304. Again, when he asked the department of labor for a review of his case and for the appointment of an impartial medical examiner, he then, according to his attorney's letter, rested his claim for compensation for total incapacity on the ground that he was suffering from pleurisy. When all this evidence is considered in connection with the conflicting medical evidence as to the condition of his back and the cause thereof, we are unable to say that there was no legal evidence, either direct or by way of reasonable inference, to support the findings of fact and the conclusion of the trial justice.

In order to secure compliance with the workmen's compensation act respecting the inclusion of findings of fact in the decree, the cause is remanded to the superior court with directions to amend the decree entered on May 10, 1946 by adding thereto the findings of fact above specified. Such amendment shall be entered as of the date of the original decree. For a similar case see *Turner Construction Co.* v. *Simone,* 51 R. I. 210.

The petitioner's appeal is denied and dismissed, the decree as thus amended is affirmed, and the cause is remanded to the superior court for further proceedings.

*Sherwood & Clifford, Sidney Clifford, Raymond E. Jordan,* for petitioner.

*Hinckley, Allen, Tillinghast & Wheeler, Harold A. Andrews,* for respondent.